IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRYAN J. STANLEY,

                            Petitioner,                        OPINION AND ORDER

    v.                                                14-cv-181-wmc

GREG VAN RYBROEK, Director,
Mendota Mental Health Institution,

                            Respondent.

---

Petitioner Bryan J. Stanley is presently in custody of the Wisconsin Department of Health Services at the Mendota Mental Health Institute. Stanley seeks a writ of habeas corpus against respondent, Mendota's Director Greg Van Rybroek, under 28 U.S.C. § 2254 to challenge the revocation of his conditional release from institutional care. Respondent Van Rybroek has filed a motion to dismiss, arguing that Stanley failed to exhaust state court remedies with respect to his sole proposed claim for relief and that his petition is, therefore, barred from federal review by the doctrine of procedural default. For reasons set forth briefly below, the court must grant the respondent's motion and will dismiss this case.

BACKGROUND

In 1985, Stanley was charged with three counts of first-degree intentional homicide in La Crosse County Case No. 85CF79. Stanley, who suffers from schizophrenia, was found not guilty by reason of mental disease or defect ("NGI" or not guilty by reason of insanity) and committed for institutional care pursuant to Wis. Stat. § 971.17 (1985-86).

In 2009, the Wisconsin Court of Appeals determined that Stanley should return to the community on conditional release. *See State v. Stanley*, 2009 WI App 1, 315 Wis. 2d 770, 762 N.W.2d 864. Pursuant to a court-approved conditional release plan, Stanley was told that his release would be revoked if he did not comply with all of the conditions and rules imposed. The first such rule imposed required Stanley to "avoid all conduct which is in violation of federal or state statute, municipal or county ordinances or which is not in the best interest of public welfare or [his] rehabilitation."

In March of 2012, Stanley was returned to state custody based on a claim that he violated the first rule of his conditional release plan. After finding that Stanley failed to report "intrusive, hostile and violent thoughts" to his psychiatrist or to the professionals who comprised his conditional release team, the La Crosse County Circuit Court shortly thereafter revoked his conditional release. In particular, the circuit court heard evidence that Stanley had been harboring intrusive, violent thoughts about women for over a year and a half, but had not reported them.

On direct appeal to the Wisconsin Court of Appeals, Stanley argued that the State failed to meet its burden of proof to show that his failure to report his thoughts violated the first rule imposed as a condition of his release. However, the appellate court disagreed, concluding that "the circuit court could reasonably be convinced by the evidence that Stanley had violated the first rule of his conditional release by not reporting his intrusive, violent thoughts to his psychiatrist or the members of his conditional release team when those thoughts began to occur." *State v. Stanley*, 2013 WI App 84, ¶ 13, 348 Wis. 2d 763, 833

N.W.2d 873 (citing *State v. Randall*, 2011 WI App 102, ¶ 13, 336 Wis. 2d 399, 802 N.W.2d 194). Given Stanley's history of violent behavior associated with his schizphrenia, the court of appeals found further that "it was reasonable for the court to infer that his failure to report his recurring thoughts about committing violent acts, including some involving particular persons, when they began occurring was not in the best interest of public welfare or his rehabilitation and, therefore, violated the terms of his conditional release." *Id*. Accordingly, the court of appeals affirmed the circuit court's judgment of revocation.

Stanley appealed further by filing a petition for review with the Wisconsin Supreme Court. In that petition, Stanley added a ground for relief that was not presented in his primary appellate brief.[1] Specifically, he argued that his conditional release had been wrongfully revoked for violation of a condition not expressly identified in his conditional release plan in violation of his right to due process.[2] Likely because it was presented for the first time in Stanley's reply brief,[3] the Wisconsin Court of Appeals did not address that ground for relief. The Wisconsin Supreme Court declined to address it as well and summarily denied Stanley's petition for review.

In his pending habeas corpus petition, Stanley now contends that he is entitled to relief pursuant to 28 U.S.C. § 2254 because his revocation was "based on conduct that was not expressly prohibited in the conditional release plan." Noting that Stanley did not

---

[1] (Dkt. # 7, Exh. B Defendant-Appellant's Br. at 1-3.)

[2] (Dkt. # 7, Exh. F Petition for Review at 2.)

[3] (Dkt. # 7, Exh. D Defendant-Appellant's Reply Br. at 1-3.) As a matter of procedure, the Wisconsin Court of Appeals will not consider arguments raised for the first time in a reply brief. *See Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶ 30 n.6, 305 Wis. 2d 658, 741 N.W.2d 256 (citations omitted).

properly present a due process claim on direct appeal from his revocation in state court, the respondent moves to dismiss for failure to exhaust his state court remedies with respect to the claim that Stanley now attempts to raise.   Noting further that state court remedies are no longer available, the respondent argues that review is barred and that the petition must be dismissed under the doctrine of procedural default.


OPINION

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court.   28 U.S.C. § 2254(b)(1)(A).   When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).   To satisfy the requirement found in § 2254(b), "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 839-40.

Inherent in the habeas petitioner's obligation to exhaust his state court remedies is the duty to fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Boyko v. Parke,* 259 F.3d 871, 788 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999); *see also Howard v. O'Sullivan,* 185 F.3d 721, 725 (7th Cir. 1999).

To satisfy this requirement, the petitioner must have placed both the operative facts and the controlling legal principles before the state courts. *See Boyko*, 259 F.3d at 788 (citing *Rodriguez*, 193 F.3d at 916).

In his appellate brief, Stanley framed the issue presented as "[w]hether the State proved by clear and convincing evidence that Stanley violated Condition 1 of his Conditional Release Plan."[4]  He argued, in particular, that the State did not meet its burden of proof and that revocation was unwarranted under Wis. Stat. 971.17(3)(e), which provides:

> The state has the burden of proving by clear and convincing evidence that any rule or condition of release has been violated, or that the safety of the person or others requires that conditional release be revoked.  If the court determines after hearing that any rule or condition of release has been violated, or that the safety of the person or others requires that conditional release be revoked, it may revoke the order for conditional release and order that the released person be placed in an appropriate institution under s. 51.37(e) until the expiration of the commitment or until again conditionally released under this section.[5]

The only case that he cited in his brief was *State v. Jefferson*, 163 Wis. 2d 332, 471 N.W.2d 274 (Ct. App. 1991), for the proposition that the clearly erroneous standard applies to review of a trial court's factual findings.[6]

The Wisconsin Court of Appeals considered whether the state met its burden of proof as required by Wis. Stat. § 971.17(3)(e) and determined that it had.  While Stanley did reference "due process and fair play" in his reply brief,[7] he did not raise in his primary appellate brief, and the Wisconsin Court of Appeals did not consider, whether the revocation

---

[4] (Dkt. # 7, Exh. B Defendant-Appellant's Br. at 1.)
[5] (Dkt. # 7, Exh. B Defendant-Appellant's Br. at 10.)
[6] (Dkt. # 7, Exh. B Defendant-Appellant's Br. at 1, 14.)
[7] (Dkt. # 7, Exh. D Defendant-Appellant's Reply Br. at 2-3.)

was based on conduct that was not expressly prohibited by the conditional release plan in violation of his right to due process.

The exhaustion requirement is not satisfied simply because a petitioner "has been through the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). To comply with 28 U.S.C. § 2254(b), a state prisoner must "present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S. at 276. The reasons for this requirement are well established:

> The rule requiring that a habeas petitioner exhaust available remedies in state court before seeking review of the same claims via federal habeas corpus serves two important interests. First, its roots lie in the respect which the federal courts owe to the procedures erected by the States to correct constitutional errors, and the confidence that state court judges take, and should be encouraged to take, their constitutional duties seriously. Second, the rule furthers the interest in the efficiency of federal habeas corpus, by assuring that, in general, the factual and legal bases surrounding a petitioner's constitutional claim or claims will have been developed in a prior adjudication.

*Harris v. Reed*, 489 U.S. 255, 268-69 (1989) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)).

In this instance, the legal theory that Stanley presented in state court differs substantively from the one raised in Stanley's federal petition. As a result, Stanley did not fairly present his due process claim in state court. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (noting that "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court"). Accordingly, he has not exhausted his state court remedies with respect to the claim he presents here. Moreover, the parties agree that a state court remedy is no longer available to

Stanley at this time.  Under these circumstances, Stanley has procedurally defaulted his claim.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice by showing the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must point to an external factor blocking his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Bintz v. Bertrand*, 403 F.3d 864, 859 (7th Cir. 2005).  While revocation based on a failure to report thoughts presents troubling questions all by itself, and even more so when premised on violating such a broad rule as to conduct "not in the best interest of public welfare or rehabilitation," Stanley, who is represented here by the same attorney who represented him during his direct appeal, makes no effort to demonstrate cause or prejudice as the result of his procedural default.  Because Stanley has not established the requisite cause and prejudice, review is barred by the doctrine of procedural default.  Therefore, the court will grant the respondent's motion to dismiss on this basis.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

7

that the issues presented were adequate to deserve encouragement to proceed further."
*Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008).  Where denial of relief is based
on procedural grounds, the petitioner also must show that jurists of reason "would find it
debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,
529 U.S. 473, 484 (2000).

As outlined above, petitioner has presented a claim based on a legal theory that differs
from the one he raised in state court and has failed to exhaust state court remedies before
seeking federal habeas corpus relief.  Because he failed to exhaust state court remedies that
are no longer available, review is barred by the doctrine of procedural default.  Stanley has
not demonstrated that he fits within any recognized exception to the procedural bar.  The
court, therefore, concludes that reasonable jurists would not debate the decision that review is
barred by petitioner's procedural default.  Accordingly, no certificate of appealability will
issue.

ORDER

IT IS ORDERED THAT:

1.  The federal habeas corpus petition filed by Bryan Stanley is
    DISMISSED with prejudice.

2.  A certificate of appealability is DENIED.  Petitioner may seek a
    certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 27th day of March, 2015.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

8